```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X Civil Action No. 17-3892
ROYAL FOOTWEAR AND ACCESSORIES, LLC,

               Plaintiff,

     -against-

SELDAT, INC., SELDAT DISTRIBUTION,
INC. (CA entity), SELDAT DISTRIBUTION,
INC. (NJ entity), SELDAT LIMITED
LIABILITY PARTNERSHIP, SELDAT
DISTRIBUTION CORPORATION, SELDAT
TRANSPORTATION INC., SELDAT CORPORATION,
DANIEL DADOUN and ABC CORP.,

               Defendants.
------------------------------------X
```

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff submits this memorandum of law in support of its application for a temporary restraining order and preliminary injunction. The proposed temporary restraining order seeks to restrain defendants from transferring, removing or destroying any and all merchandise, goods, assets or property of the plaintiff. The preliminary injunction sought by plaintiff seeks to grant plaintiff access to the merchandise held by defendants in order for plaintiff to retrieve the merchandise from defendants' possession.

Standard for Temporary Restraining Order and Preliminary Injuntion.

Under the Second Circuit's current test for issuing a temporary restraining order and preliminary injunction, in

1

accordance with the Supreme Court's decision in eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006), in order to grant a preliminary injunction, a district court must determine that a plaintiff has shown: (1) a likelihood of success on the merits; (2) that absent an injunction plaintiff is likely to suffer irreparable injury that cannot be remedied with monetary damages; (3) that the balance of hardships tips in favor of Plaintiff; and (4) that "the public interest would not be disserved" by the issuance of an injunction. Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010), quoting eBay, Inc., 547 U.S. at 391, 126 S.Ct. 1837).

Plaintiff Has Shown A Likelihood of Success on the Merits

As shown by the evidence submitted in connection with this application, plaintiff is likely to succeed on its first cause of action for breach of agreements described in the Complaint. The evidence submitted shows that defendants wholly, utterly and materially failed to perform the services required of them and that plaintiff has suffered compensable damages resulting from defendants' misconduct.

Plaintiff Has Shown That It Will Suffer Irreparable Harm If The Request Relief Is Not Given.

Irreparable injury has been defined as harm where "remedies available at law, such as monetary damages, are inadequate to

2

compensate" the plaintiff. Salinger, 607 F.3d at 80 (quoting eBay, 547 U.S. at 391, 126 S.Ct. 1837).

A plaintiff can show a threat of irreparable injury by showing a threatened loss of good will and loss of ability to control its reputation. See New York City Triathlon, LLC v. Nyc Triathlon Club, Inc., 704 F.Supp.2d 305, 325 (S.D.N.Y. 2010); The Marks Org. Inc. v. Joles, 784 F.Supp.2d 322 (S.D.N.Y., 2011) (Loss of good will constitutes irreparable harm). Clorox Intern. Co. v. International Trade Expo, Inc., 1995 WL 106104, *8 (S.D.N.Y. March 9, 1995) (Loss of good will constitutes irreparable harm).

Loss of good will is particularly difficult to quantify because monetary damages do not "redress the loss of a relationship with a client that would produce an indeterminate amount of business in years to come." Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 69 (2d Cir.1999). Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc., 323 F.Supp.2d 525, 532 (S.D.N.Y. 2004)(loss of client relationships and customer good will built up over the years constitutes irreparable harm).

The Second Circuit has found irreparable harm where a party is threatened with the loss of a business. In Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197 (2d Cir.1970), a father-and-son car dealership was threatened with termination of its franchise by the manufacturer. The Court affirmed a finding of

3

irreparable injury on the grounds that termination of the franchise would "obliterate" the dealership and that the right to continue a business "is not measurable entirely in monetary terms." Id. at 1205; see also Roso-Lino Beverage Distribs., Inc. v. Coca-Cola Bottling Co., 749 F.2d 124, 125-26 (2d Cir.1984) (per curiam) (finding irreparable harm from loss of "ongoing business representing many years of effort and the livelihood of its husband and wife owners"); Jacobson & Co. v. Armstrong Cork Co., 548 F.2d 438, 445 (2d Cir.1977) (affirming finding of irreparable harm because plaintiff "presented ample evidence to show a threatened loss of good will and customers, both present and potential, neither of which could be rectified by monetary damages"); Interphoto Corp. v. Minolta Corp., 417 F.2d 621, 622 (2d Cir.1969) (per curiam) (affirming finding of irreparable harm because plaintiff "would be unable to calculate its damages since it would suffer not merely loss of profits with respect to [defendant's] goods but loss of good will from the lack of a 'full line'").

"Where the loss of a product will cause the destruction of a business itself or indeterminate losses in other business, the availability of money damages may be a hollow promise and a preliminary injunction appropriate." Tom Doherty Associates, Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 38 (2d Cir. 1995).

4

In this case, as set forth in plaintiff's Declaration in support of this application, plaintiff has shown that defendants' conduct has resulted, and continues to result, in a loss of good will. Plaintiff has lost tremendous good will with its customers and will lose even more if it is not permitted to retrieve its merchandise from the defendants immediately and deliver it to its customers.

On May 25, 2017, defendants informed plaintiff that they were immediately seizing plaintiff's merchandise and selling it capriciously merely because plaintiff, at defendants' request, had the temerity to show defendants the chargebacks and damages caused by defendants' improper work. (Pl.Decl., Ex. D).

Plaintiff's business will not survive another round of lost good will with its customers if it is unable to sell immediately the huge quantity of merchandise being held by the defendants. Plaintiff is a small and growing business. As a result, its relationship with its customers is extremely fragile.

Because of defendants' improper work, plaintiff has already had to dispatch its representatives to plaintiff's customers around the country in order to reassure them personally that plaintiff's merchandise will arrive to them in a timely manner and in the correct quantities requests. Plaintiff had to expend at least $10,000 in travel expenses and overtime salaries in connection with such customer site visits.

5

If plaintiff is not able to timely deliver its merchandise to customers for specific seasons such as fall and Christmas, those customers will lose confidence in plaintiff and (1) reduce their orders with plaintiff, (2) never order from plaintiff in the future or (3) elect not to increase their orders with plaintiff in the future.

It is impossible to accurately quantify precisely how much business plaintiff has lost. It is also impossible to accurately quantify precisely how much business plaintiff will continue to lose if it is unable to sell immediately the merchandise held by defendants. Once plaintiff loses a customer, that customer will not return given that it left due to a bad experience with plaintiff's business.

Plaintiff cannot afford to lose the ability to sell immediately the merchandise that cost plaintiff approximately $778,392 to manufacture and ship to the United States from overseas. (Pl.Decl., Ex. C). Plaintiff cannot afford to wait for the completion of this lawsuit in order to try to recoup its monetary losses from defendants. The merchandise at issue will soon have little value given that it is seasonal and trendy merchandise that must be sold either this fall for some items or this winter for the rest of the items. Unless, plaintiff obtains the requested relief, the irreparable harm to plaintiff

6

will be complete as plaintiff will be out of business given that the good will and credibility with its customers and licensors will have been destroyed.

<u>The Balance Of Hardships Tips in Plaintiff's Favor.</u>

The balance of hardships tips in plaintiff's favor. Whereas plaintiff's entire business is at risk if it cannot retrieve and sell merchandise that cost $778,392 to manufacture and ship to the United States from overseas, defendants' business will continue to operate normally after plaintiff is able to retrieve its merchandise from the defendants. Accordingly, this factor favors granting the relief sought by plaintiff.

<u>The Public Interest Would Not Be Disserved By The Issuance Of An Injunction.</u>

Because the public interest is not implicated in connection with the relief sought, the public interest would not be disserved by the issuance of an injunction. Accordingly, this factor favors granting the relief sought by plaintiff.

Conclusion

For all the foregoing reasons, plaintiff respectfully requests that the Court grant the proposed temporary restraining order and preliminary injunction.

Dated:  New York, New York
        May 26, 2017           _____/s/_____
                               Gabriel Fischbarg, Esq,
                               230 Park Avenue, #900
                               New York, New York 10169
                               917-514-6261
                               Attorney for Plaintiff