UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X  Civil Action No.: 17-3892 (KF)
ROYAL FOOTWEAR AND ACCESSORIES, LLC,

                          Plaintiff,  **DECLARATION IN RESPONSE TO PLAINTIFF'S ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

          -against-

SELDAT, INC., SELDAT DISTRIBUTION,
INC. (CA entity), SELDAT DISTRIBUTION,
INC. (NJ entity), SELDAT LIMITED
LIABILITY PARTNERSHIP, SELDAT
DISTRIBUTION CORPORATION, SELDAT
TRANSPORTATION INC., SELDAT CORPORATION,
DANIEL DADOUN and ABC CORP.,

                         Defendants.
------------------------------------------------------------------X

DANIEL DADOUN, hereby declares the following to be true under penalty of perjury:

1. I am the president of the corporate defendants herein, and I have personal knowledge of the facts and circumstances set forth herein.

2. This declaration is made in opposition to the plaintiff's Order To Show Cause for a Temporary Restraining Order and Preliminary Injunction.

### BACKGROUND

3. On or about April 16, 2016, plaintiff and the defendant(s) entered into an agreement whereby plaintiff would order transportation, delivery and warehouse storage services from the defendant(s) for plaintiff's merchandise pursuant to a purchase order/invoice system and defendant(s) would provide transportation, delivery and warehousing services to plaintiff and plaintiff agreed to pay defendants pursuant to a set pricing schedule. The Contract dated April 16, 2016 is hereto annexed as **Exhibit A.**

1

4. Since the inception of the agreement plaintiff made numerous orders and the defendant in good faith fulfilled the plaintiff's orders.

5. Plaintiff failed to make payments to defendant(s) for services rendered after receiving invoices.

6. Per the contract, defendant had a right to withhold services from plaintiff and exercise a Warehouse Lien. See clause 19 of **Exhibit A.**

7. Nevertheless, defendant(s) in good faith, wishing to continue a relationship with plaintiff made efforts to collect instead of exercising its right to seize the plaintiff's good for lack of payment. See Statement of Account attached as **Exhibit B.**

8. Plaintiff expressed difficulties making payments. Email Correspondence from plaintiff expressing inability to make payment is hereto annexed as **Exhibit C.**

9. In the spirit to maintain a relationship with plaintiff, defendant offered plaintiff a payment plan; which plaintiff accepted.

10. After numerous efforts by the defendant(s) to collect on the invoices, plaintiff made some credit cards payments.

11. After receiving and processing the credit card payments, though, the plaintiff still has an outstanding balance, but the defendant(s) continue to provide services to plaintiff.

12. Once defendant rendered additional services by fulfilling plaintiff's order, plaintiff in bad faith disputed all the credit cards payments via Paypal. Email Correspondence from Paypall are annexed hereto as **Exhibit D.**

13. To avoid making payments due and delay payments, Plaintiff claimed chargebacks for every invoices.

14. Per the Contract, any lawsuits or disputes regarding the Contract between plaintiff and defendant(s) shall be in the province and federal court where the warehouse is located and be governed by the laws of such province and federal court . See clause 21 of **Exhibit A.**

15. The warehouses where the plaintiff's goods are being stored are in the State of New Jersey and the State of California.

## THE MOTION SHOULD BE DISMISSED FOR IMPROPER VENUE AND JURISDICTION

16. It is well established that contacting parties has the freedom to designated goveingin laws and venues. REST 2d CONFL s 187

17. The *Restatement (Second) of Conflict of Laws (Restatement Second) Section 187* grants contracting parties the freedom to stipulate a governing law and the Court is under the obligation to honor contracting parties choice of law.

18. Persuant to Clause 21 of the Contract between the defandent(s) and the plantiff under which this claim arose, this contract and the legal relationship between the parties hereto shall be governeved by and construed in accordance with the substantive laws of the province where the Warehouse is located. Futher, any lawsuits or other action involving any dispute,  claim or controversy relatin in ANY WAY to this contract shall be brought ONLY in the federal court where the Warehouse is located. See Exhibit A.

19. Here, the plaintiff and the defendant(s) stipulated that the venue to bring any disputes to be the province where the Warehouse is located. The warehouses at issue are located in the State of California and the State of New Jersey. Thus, this action/motion should be brought either in the State of  New Jersey or the State of

California, not in the State of New York. The state of New York has no relation with this contract. The Court should not exercise jurisdiction over this matter.

20. It is respectfully requested that the court lift the restraining order and preliminary injunction and deny the motion in its interity for lack of jurisdiction and improper venue.

<h3 style="text-align:center">THE ISSSUE OF LIKELIHOOD OF SUCCESS ON THE MERITS</h3>

21. The plaintiff defaulted in payments and in bad faith wants to unjustly avoid making payments to the defendant(s).

22. The plaintiff claimed that it has lost good will with customers. If plaintiff has lost good will it is to no one's fault but to his own.

23. Though, plaintiff entered into a contract (which, he failed to include in his motion) to pay the defendant for services rendered to him, he does not want to pay. That is why he did not make payments, why he disputed all the credit cards payments which he gave the defendant authorization to bill without informing and giving notice to the defendant first. Communincation giving authorization to the defendant to bill his credit card and communication from Paypal regarding disputes are annexed hereto as **Exhibit D.**

24. If the court carefully looks at the exhibits provided, the court will see that plaintiff did not have the money to pay the defandent and now want to frivoulusly use the court to avoid paying the defendant(s) and be unjustly enriched. The likelihood of success on the merits is low.

25. In an email dated December 16, 2016, the plaintiff wrote,

**"Hi Joanne, Thank you for reaching out to us and especially for offering a payment plan to get the outstanding issues resolved… Our borrowing/advance**

**plan was put off 1 week as next week is the heavy shipping week for December and once the assignments are sent, we will be able to take our advance, pay down credit cards and move forward. Thank you again for working with us and your payment plan offer. We will contact you on Wednesday to make the $25K charge and then by following week, plan should be set up and ready to go." See Exhibit C**.

26. This is not a situation where the plaintiff is withholding payment for unsatisfactory services by the defendant. This is a situation where the plaintiff cannot pay for services rendered by the defendant and wants to unjustly be enriched.

27. The plaintiff's intention, through its chief executive Roy Cheika, from day one was to be unjustly enriched through this contract.

28. Plaintiff intentionally defaulted on payments, then engaged in the pretense of payment plan conversations with the defendant to (1) cause the defendant to provide additional services, in spite of past due invoices, (2) manipulate the defendant(s) to not exercise his right to seize the plaintiff's goods and (3) plan this lawsuit.

29. In furtherance of Roy Cheika's tactics to be unjustly enriched and defraud, he went as far as signing credit card authorization form to give the defendant permission to bill him for past due invoices, then waited for the defendant to ship more of his orders to customers, then later contacted his credit card company and disputed the payment unbeknownst to the defendant. It was not until after the defendant received a notice from the credit card company and/or Paypal, that he defendant knew of the plaintiff's plot.

30. The principal of contract is always a "quid pro quo." It is well established that no person should be allowed to profit at another's expense without making restitution for the reasonable value of any property, services, or other benefits that have been unfairly received and retained.

31. To continue this restraining order and to not lift this preliminary injunction is to allow the plaintiff to profit at the defendant's expense. The plaintiff is unlikely to succeed on the merits of its causes of action.

32. There is no likelihood of success on the merits with regard to plaintiff's cliam. He defaulted on payment in breach of contract. Per the contract, the defendant is to provide service and the plaintiff is to pay for services. The defendant provided services. But the plaintiff did not pay. The defendant is more likely to succeed on the merits for an action for breach of contract.

33. Here, plaintiff contracted with the defendant for services from the defendant and in return pay the defendant. The Plaintiff is clearly in breach of contract for lack of payment. To prevent the defendant from exercising his rights under the contract is to violate the defendant's right for the benefit of the plaintiff who breached the contract.

### IRREPERABLE INJURY - PLAINTIFF'S GOOD WILL CLAIM

34. Plaintiff's claims that it has lost good will with his customers due the defendant's unsatisfactory service, but the evidence shows plaintiff decided to continue doing business with the defendant because the defendant asked him to give him another chance is clearly made.

35. The major argument for the need for the restaining order and the the immediacy for a preliminary injunction is "the plaintiff's lost of good will with his customers due the defendant's ill services."

36. If the defendant was in fact providing "unsatisfactory service" and the defendant's supposed "unsatisfactory service" was in fact causing the plaintiff to lose good will

with his customers, why would he not terminate the relationship with the defendant at the moment the defendant supossedly have had provided such "unsatisfactory service, instead continue to provide orders to the defendant to fulfill?"

37. I submit, it is because the defendant was in fact providing the plaintiff with the quality of services he contracted for, and the plaintiff was not dissatisfied with the services it received. Plaintiff just wants to make a profit at the expense of the defendant.

38. The plaintiff defaulted in payments and pursuant to the contract which the plaintiff failed to provide the court, the defendant has a Warehouse Lien on the the plaintiff's good to to seize them and sell them to fulfill payment due to him.

39. It is respectfully requested that the court lift the restraining order and deny the motion for a preliminary injunction.

**WHEREFORE**, it is respectfully requested that the Court enter an Order lifting the temporary restraining order and deny the request for a preliminary injuction.

Executed under penalty of perjury on June 7, 2017.



_____
Daniel Dadoun